IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KOLTON CHASE WIGGINS,      :
      :
      Plaintiff,      :
      :
      V.      :      **NO. 1:26-cv-00005-LAG-CHW**
      :
FRANK SALERNO, *et al.*,      :
      :
      Defendants.      :
      :
_____:

## ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff Kolton Chase Wiggins, an inmate in the Riverbend Correctional Facility in Milledgeville, Georgia, filed a *pro se* civil rights complaint, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion to appoint counsel in the Southern District of Georgia.  ECF Nos. 1, 2, 7.  Thereafter, the Southern District transferred Plaintiff's case to this Court.  ECF No. 9.  Following the transfer, another case that Plaintiff had filed was consolidated with this one.  ECF No. 13.  Thus, Plaintiff's complaint and motion to proceed IFP that he filed in that case are also before the Court in this proceeding.  ECF Nos. 14 & 15.

On consideration of his filings, Plaintiff's motion for leave to proceed IFP (ECF Nos. 2 & 15) is **GRANTED**, as discussed below, and Plaintiff's motion for appointment of counsel (ECF No. 7) is **DENIED**.  On preliminary review of Plaintiff's complaints, it is now **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF Nos. 2 & 15.  As it appears Plaintiff is unable to prepay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated.  It is **ORDERED** that the warden of the institution in which

2

Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.   If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR APPOINTMENT OF COUNSEL**

In the motion to appoint counsel, Plaintiff asserts only that he needs an attorney to

represent him in this case.  A district court "may request an attorney to represent any person unable to afford counsel."[1]   28 U.S.C. § 1915(e)(1).   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."   *Id.* (citations omitted).   In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."   The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified.   Plaintiff has demonstrated the

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.  *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

ability to litigate his case, including filing pleadings sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not complex. Additionally, as dismissal is recommended in this order, it appears unlikely that this case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 7) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner

5

complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

6

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations

In his complaint, Plaintiff asserts that on October 30, 2025, he was in a strip cell with his hands cuffed behind his back when Defendant Officer Frank Salerno used a pair of scissors to cut off Plaintiff's clothes. ECF No. 1 at 5. While doing so, Salerno "missed and stabbed [Plaintiff] in the left side of [his] face." *Id.* Another officer then took Plaintiff to get medical attention. *Id.* In the original complaint, Plaintiff named only Frank Salerno. *Id.* at 1. In the complaint from the case that was consolidated with this one, Plaintiff alleges the same facts and names Georgia Department of Corrections Commissioner Tyrone Oliver in addition to Salerno. ECF No. 14 at 1, 5.

## III.    Plaintiff's Claims

Plaintiff asserts in his complaint that Salerno's actions amount to excessive force. The Eighth Amendment clearly prohibits the unnecessary and wanton infliction of pain,

7

the infliction of pain without penological justification, and the infliction of pain grossly disproportionate to the severity of the offense. *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). To state an Eighth Amendment claim in this context, a plaintiff must allege conduct by a defendant that was objectively harmful enough to establish a constitutional violation and that the defendant acted with a sufficiently culpable state of mind, *i.e.*, that the defendant acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Nothing in Plaintiff's allegations suggests that Salerno intentionally stabbed Plaintiff's face. Instead, Plaintiff asserts that Salerno was using scissors to cut off Plaintiff's clothes when he "missed" and stabbed Plaintiff's face. Plaintiff's allegations suggest that this was an accident, rather than a malicious act intended to harm Plaintiff. An accident is not sufficient to support a constitutional claim for excessive force.

Plaintiff does not allege any facts as to Commissioner Oliver's involvement with his claims. It appears that Plaintiff is attempting to hold Oliver liable for Salerno's actions based on his supervisory position. Insofar as Plaintiff has not stated a claim against Salerno for excessive force, there is no constitutional violation to apply to Commissioner Oliver. Even if Plaintiff had alleged sufficient facts as to Salerno, supervisory prison officials cannot be held liable for the unconstitutional acts of their subordinates absent evidence of a causal link between the supervisor and a constitutional deprivation. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Plaintiff does not allege any facts showing a causal link between Commissioner Oliver and Salerno's action.

IV.    Conclusion

As set forth above, Plaintiff has not stated a claim for excessive force or a supervisory liability claim.   It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 22nd day of April, 2026.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge


9